CRAIG v CITY OF DETROIT POLICE DEPARTMENT

1. ADMINISTRATIVE LAW—APPEAL AND ERROR—CIRCUIT COURTS—JURISDICTION.

   The circuit court of the county of which an appellant is a resident may have jurisdiction to hear only those appeals from administrative agency decisions for which no review has been provided by law (MCLA 600.631).

2. TAXATION—SUMMARY PROCEEDINGS—HEARING—CONSTITUTIONAL LAW.

   Summary proceedings against a taxpayer's property prior to a judicial hearing have long been recognized as constitutional.

3. TAXATION—JEOPARDY—TAX ASSESSMENT—TAX WARRANTS—CIRCUIT COURTS—JURISDICTION—EXHAUSTION OF REMEDIES.

   The circuit court of the county in which plaintiffs resided had no jurisdiction and its order returning certain funds was invalid where the Department of Treasury had received the funds pursuant to a jeopardy tax assessment and warrant and plaintiffs failed to exhaust their administrative remedies as provided by statute (MCLA 205.7, 206.421[3], 206.441).

Appeal from Wayne, Charles S. Farmer, J. Submitted Division 1 June 22, 1973, at Detroit. (Docket No. 16007.) Decided September 25, 1973.

Complaint by Maurice C. Craig and Roberta Killebrew against the City of Detroit Police Department, Commissioner John F. Nichols, and the Michigan Department of Treasury to recover funds seized by the Detroit Police Department and later levied upon by the Department of Treasury. Judg-

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law § 735.
[2] 51 Am Jur, Taxation § 980.
[3] 51 Am Jur, Taxation §§ 77, 1242.

ment for plaintiffs. Defendant Department of Treasury appeals. Reversed.

*Cornelius Pitts,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James B. Saunders, Theresa Doss,* and *Thomas J. Giachino,* Assistants Attorney General, for the Department of Treasury.

Before: QUINN, P. J., and V. J. BRENNAN and BASHARA, JJ.

BASHARA, J. On March 3, 1972, the Detroit Police Department, acting pursuant to a search warrant, seized funds in the amount of $2,560 from plaintiff's bank deposit box.

On March 8, 1972, the defendant Michigan Department of Treasury issued jeopardy tax assessments and tax warrants of $12,985.82 against plaintiffs for use and income taxes.[1] These warrants and levies were served on defendant Detroit Police Department and several Michigan banks on March 9, 1972. Notice of such assessments and tax warrants were then sent by certified mail to the plaintiffs on March 11, 1972. The Department of Treasury thus received $2,560 from the Detroit Police Department and $2,485.86 from the Peoples State Bank.

Plaintiffs commenced an action in Wayne County Circuit Court on June 5, 1972, asking that defendants be ordered to show cause why the funds should not be returned. The Department of Treasury's challenge to the court's jurisdiction and motion for accelerated judgment thereon was de-

---

[1] MCLA 205.110; MSA 7.555(20); MCLA 206.423(2); MSA 7.557(1423)(2).

nied and the funds ordered returned. Only the defendant Department of Treasury appeals.

The principal issue before us is whether the Wayne County Circuit Court properly had jurisdiction of this matter. The keystone of our inquiry must be based on article 6, section 28 of the Michigan Constitution of 1963, stated as follows:

"All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses shall be subject to direct review by the courts as provided by law. This review shall include as a minimum, the determination whether such *final decisions,* findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. Findings of fact in workmens' compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law." (Emphasis supplied.)

The state statute,[2] in amplification of the constitutional provision, indicates that the circuit court of the county of which an appellant is a resident may have jurisdiction to hear only those agency appeals for which no review has been provided by law.

Defendant persuasively argues that the circuit court was without jurisdiction since appeals are provided from jeopardy tax assessments and warrants under several Michigan statutes. MCLA 206.421(3); MSA 7.557(1421)(3) provides that any taxpayer aggrieved by determinations of income tax liability may appeal to the State Board of Tax Appeals or, after payment of the disputed tax, sue in the Circuit Court of the County of Ingham. The

---

[2] MCLA 600.631; MSA 27A.631.

Income Tax Act[3] further states that illegally collected taxes shall be credited or refunded upon petition by the taxpayer within three years. Adverse decisions by the State Board of Tax Appeals or the Ingham County Circuit Court may be appealed by the mandates of the statute.

The procedure for protesting an allegedly illegal jeopardy tax assessment and warrant for use taxes is contained in the department of revenue act.[4] The statute allows the taxpayer a review in the State Board of Tax Appeals or to pursue any appropriate remedy provided for judicial review of the issues involved. The question of what is an appropriate course to pursue does not appear to have been answered by the courts of this state. We believe that the following alternatives would be available: (1) suit in the Court of Claims which generally has exclusive jurisdiction of claims against state agencies;[5] (2) an action for mandamus directed to state officers commenced in the Court of Appeals after appropriate petitions before proper administrative officers have been rejected;[6] (3) complaint filed in circuit court alleging unconstitutionality of a statute on its face, *Asta v Department of Revenue,* 338 Mich 505; 61 NW2d 608 (1953). However, the parties have conceded that the Michigan statutes authorizing the tax warrants are not unconstitutional. Indeed, summary proceedings against a taxpayer's property prior to a judicial hearing have long been recognized. *Phillips v Commissioner of Internal Revenue,* 283 US 589; 51 S Ct 608; 75 L Ed 1289 (1931), and see *Horack v Franchise Tax Board,* 18 Cal App 3d 363; 95 Cal Rptr 717 (1971).

---

[3] 1967 PA 281; MCLA 206.441; MSA 7.557(1441).

[4] MCLA 205.7; MSA 7.657(7).

[5] MCLA 600.6419; MSA 27A.6419.

[6] GCR 1963, 714.1.

In short, the circuit courts may have jurisdiction to hear actions alleging the unconstitutionality of a statute on its face. However, every impropriety of an agency action, based on a valid statute, does not constitute a question of denial of due process for circuit courts to decide. Administrative agencies and tribunals have been created with power to hear complaints regarding their respective agency actions under the authority of statutes cited.

We hold, therefore, that the plaintiffs failed to exhaust their administrative remedies under the available statutes and should have no recourse to the Circuit Court of Wayne County absent an unconstitutional statute. *Asta v Department of Revenue, supra; Bennett v Royal Oak School Dist,* 10 Mich App 265; 159 NW2d 245 (1968).

Reversed.

All concurred.