SEARS v DEPARTMENT OF TREASURY

1. TAXATION—SALES TAX—JEOPARDY TAX ASSESSMENT—PROTEST OF ASSESSMENT—PROCEDURES—COURT OF CLAIMS—COURT OF APPEALS—CIRCUIT COURT.

The procedures for protesting an allegedly illegal jeopardy tax assessment and warrant for sales taxes are: (1) suit in the Court of Claims, which generally has exclusive jurisdiction of claims against state agencies; (2) an action for mandamus directed to state officers commenced in the Court of Appeals after appropriate petitions before proper administrative officers have been rejected; or (3) complaint filed in circuit court alleging unconstitutionality of a statute on its face.

2. MANDAMUS—DISCRETION—PUBLIC OFFICIALS—CLEAR LEGAL DUTY.

The remedy of mandamus is discretionary and such a writ will issue against public officials only to compel the enforcement of a clear legal duty.

3. STATUTES—CONSTRUCTION OF STATUTES.

The term "shall" when used in a statute is generally defined as being mandatory in nature and not permissive.

4. TAXATION—JEOPARDY TAX ASSESSMENT—APPEAL AND ERROR—HEARING—STATE BOARD OF TAX APPEALS—STATUTES.

A plaintiff, who has filed an appeal from a jeopardy tax assessment, is entitled to a hearing before the State Board of Tax Appeals within 60 days from the filing of the tax department's answer to the plaintiff's statement of appeal; within 20 days after the hearing, the board of tax appeals shall make such assessment, decision or order as it shall find the department should have made in the first instance (MCLA 205.7).

Original action in the Court of Appeals. Submit-

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 68 Am Jur 2d, Sales and Use Taxes § 165 *et seq.*

[2] 52 Am Jur 2d, Mandamus §§ 1, 4.

[3] 73 Am Jur 2d, Statutes §§ 22, 25.

ted Division 2 November 11, 1974, at Lansing, (Docket No. 18790.) Decided December 5, 1974.

Complaint for mandamus by James W. Sears against the Department of Treasury to compel either a return of money seized pursuant to a jeopardy sales tax assessment or a hearing before the State Board of Tax Appeals. Hearing ordered.

*Dunnings & Gibson, P. C.* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *John W. Jackson, Jr.,* Assistants Attorney General, for defendant.

Before: Quinn, P. J., and McGregor and O'Hara,* JJ.

McGregor, J. Plaintiff brings this action for a writ of mandamus to compel the Michigan Department of Treasury either to return to plaintiff money seized pursuant to a jeopardy sales tax assessment, or to compel the State Board of Tax Appeals to hold the hearing required by MCLA 205.7; MSA 7.657(7).

On April 26, 1973, plaintiff was arrested and charged with violation of the Michigan Controlled Substances Act, delivery of marijuana, MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c). Plaintiff was arraigned on this charge and released on bail.

On May 29, 1973, plaintiff was stopped by a Michigan state trooper for speeding. The officer directed plaintiff to accompany him back to the squad car; once there, the trooper instructed plaintiff to remain in the police car and, without advis-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ing the plaintiff of his rights or seeking permission to search plaintiff's car, the trooper returned to plaintiff's vehicle, searched under the front seat, and found a pistol. Plaintiff was then arrested, charged with carrying a concealed weapon, and taken to the Shiawassee County jail. At the jail, plaintiff was searched and $1,187.03 was removed from his person.

On May 30, 1973, plaintiff was served with a notice that $1,187.03 had been seized by the Department of Treasury for the State of Michigan and that the plaintiff had been assessed a jeopardy sales tax in that amount. The plaintiff had no knowledge as to how the department of revenue learned of the money he was carrying on his person at the time of his arrest, the day prior to the assessment.

On June 13, 1973, a preliminary examination was held pertaining to the concealed weapons charge. At the hearing, the trial court found that the search and seizure was unlawful and the arrest invalid, and therefore, dismissed the charge against the plaintiff.

Plaintiff filed an appeal with the State Board of Tax Appeals on June 26, 1973, pursuant to MCLA 205.7; MSA 7.657(7). Under this statute, plaintiff is entitled to a hearing before the State Board of Tax Appeals to determine the validity of the jeopardy sales tax assessment within 60 days from the filing of the tax department's answer.

The basis for the jeopardy assessment warrant was information received from police officers, that plaintiff had sold marijuana on May 26, 1973, and an inference from plaintiff's prior convictions for sale of marijuana that he was engaged in the sale of marijuana, upon which no sales tax had been paid. The State Board of Tax Appeals informed

plaintiff that his appeal had been docketed and was one of almost 200 cases pending at that time. The board stated further that it was not obligated to conduct a hearing within 60 days.

On October 1, 1973, plaintiff filed a motion for order to show cause in Ingham County Circuit Court, to order the return of the funds seized, based on substantially the same argument as that raised in this Court. A motion for accelerated judgment of dismissal against plaintiff was granted in that cause on October 25, 1973.

Plaintiff then commenced this action for mandamus seeking to compel the defendant to return the money confiscated, contending that his right to due process was violated by the board's failure to conduct a hearing within 60 days. Plaintiff also alleges that he is entitled to the return of the money seized, since it is the fruit of an illegal search and seizure, contrary to his constitutional rights. On February 4, 1974, a panel of this Court issued a show cause order, requiring defendant to respond and show cause why plaintiff should not be granted the relief requested.

The procedures for protesting an allegedly illegal jeopardy tax assessment and warrant for sales taxes are set forth in *Craig v Detroit Police Department,* 49 Mich App 599; 212 NW2d 235 (1973), *lv granted,* 391 Mich 785. In *Craig,* which both parties have cited as controlling, the Court listed three alternative methods of protest, as follows:

"(1) suit is in the Court of Claims, which generally has exclusive jurisdiction of claims against state agencies;

"(2) an action for mandamus directed to state officers commenced in the Court of Appeals after appropriate petitions before proper administrative officers have been rejected;

"(3) complaint filed in circuit court alleging unconstitutionality of a statute on its face."[1]

Following the jeopardy tax assessment, plaintiff filed an appeal with the State Board of Tax Appeals, pursuant to MCLA 205.7; MSA 7.657(7), which provides as follows:

"Any person, firm or corporation aggrieved by any assessment, decision, or order of the department of revenue may pursue any appropriate procedure provided by law for the judicial review of the issues involved or have an appeal from such assessment, decision or order to the state board of tax appeals hereby created at any time within 30 days after such assessment, decision or order. Such appeal shall be perfected by filing a sworn statement of the essential facts involved with the state board of tax appeals and serving a copy thereof upon the commissioner or any agent within the department of revenue designated by the commissioner as the agent of the department upon whom service of notice of appeal may be made and filing proof of such service with the state board of tax appeals, and depositing with the board as security for costs 2 per centum of the amount in controversy: Provided, however, That in no event shall said deposit be less than $25.00 or more than $100.00, said deposit to be considered as costs in such appeal. The board shall forthwith deposit same with the state treasurer, taking a receipt therefor. Such service may be made by the appellant or his attorney, either personally or by registered mail with return receipt demanded.

"Within 15 days following such service, the depart-

---

[1] As in *Craig, supra,* the plaintiff has conceded the constitutionality of the statute at issue. We will therefore not pass on the statute's constitutionality. We note in passing, however, that the statute MCLA 205.7; MSA 7.657(7), has not been examined in light of *Fuentes v Shevin,* 407 US 67; 92 S Ct 1983; 32 L Ed 2d 556 (1972), and other recent United States Supreme Court decisions, which have examined summary seizures in light of due process challenges. Cf. *Mitchell v W T Grant Co,* 416 US 600; 94 S Ct 1895; 40 L Ed 2d 406 (1974); *Calero-Toledo v Pearson Yacht Leasing Co,* 416 US 663; 94 S Ct 2080; 40 L Ed 2d 452 (1974). It should further be noted that leave has been granted for appeal in *Craig, supra.*

ment shall answer the statement of appeal so filed. The state board of tax appeals, following the filing of such answer, shall have jurisdiction to review such assessment, decision or order and both the appellant and the department shall have the right to swear witnesses and to be represented by counsel before said state board of tax appeals. Said hearing shall be heard within 60 days after filing of said answer, as in a court not of record and the legal rules of evidence prevailing in the circuit courts of this state shall be enforced. The burden of proof in any appeal from any assessment, decision or order shall rest with the appellant. The rulings upon evidence shall be by the chairman of said board. Within 20 days after such hearing, the state board of tax appeals shall make such assessment, decision or order as it shall find the department should have made in the first instance. In the event that the assessment, decision or order of the department shall be affirmed, the deposit as security for costs so made by the appellant shall be transferred to the general fund of the state. In the event that the assessment, decision or order of the department is reversed, no costs shall be taxed against the appellant and his deposit shall be returned to him. In the event that the assessment, decision or order of the department shall be modified and the appellant shall be required to pay a larger tax than he has admitted in said proceedings to be due the state but not as large as the department has found due, the matter of the costs shall be within the discretion of the board."

Plaintiff now pursues the second course listed in *Craig,* by bringing this action for mandamus to conduct the hearing required by the above statute. The department of revenue claims that the plaintiff has not exhausted his administrative remedies and should not be allowed to utilize mandamus when the State Board of Tax Appeals has not yet rejected his petition.

The remedy of mandamus is discretionary and such a writ will issue against public officials only to compel the enforcement of a clear legal duty.

*Schwartz v Secretary of State,* 393 Mich 42; 222 NW2d 517 (1974).

The language employed in the statute under examination is clear and unambiguous. It plainly states that "said hearing *shall* be heard within 60 days after filing of said answer * * * and * * * [w]ithin 20 days after said hearing, the state board of tax appeals *shall* make such assessment, decision or order as it shall find the department should have made in the first instance". (Emphasis added.)

We reject the department of revenue's argument that this statutory language is not mandatory but rather, directory only. The term "shall" is generally defined as being mandatory in nature and not permissive. *McLogan v Craig,* 20 Mich App 497; 174 NW2d 166 (1969). The language of the statute is plain, certain and unambiguous, and there is no room for doubt as to the intention of the Legislature. The clear legislative intent of this statute is to allow persons in the same position as the plaintiff to have a speedy disposition of their tax disputes. *Mercy Hospital v Crippled Children Commission,* 340 Mich 404; 65 NW2d 838 (1954).

Plaintiff filed the appeal with the State Board of Tax Appeals on June 26, 1973. Under the statute, plaintiff was entitled to a hearing within 60 days from the filing of the tax department's answer. However, after almost a year and a half wait, the hearing clearly required by MCLA 205.7; MSA 7.657(7) has not been held. We find the defendant's argument that plaintiff has not exhausted his administrative remedies shallow. We will not allow the tax department summarily to seize plaintiff's assets, deny him a hearing for a year and a half when he was entitled to a determination within 60 days, and then use its own procrastina-

tion in not holding the required hearing to bar plaintiff's action for mandamus under the guise of failure to exhaust administrative remedies. The State Board of Tax Appeals has neglected to perform its clear legal duty; mandamus is the appropriate remedy.

The State Board of Tax Appeals is hereby ordered to conduct the hearing required by MCLA 205.7; MSA 657(7) within 60 days from the filing date of this opinion. Within 20 days after such hearing, the board of tax appeals shall make such assessment, decision or order as it shall find the department should have made in the first instance.

This Court retains jurisdiction.

All concurred.