CAMPBELL v DEPARTMENT OF TREASURY

1. TAXATION—SALES TAX—JEOPARDY TAX ASSESSMENTS—VALIDITY OF
   ASSESSMENT—JUDICIAL DETERMINATION.

   The return of a taxpayer's funds, seized in an allegedly illegal
   jeopardy sales tax assessment, should await the final determi-
   nation of the validity of the jeopardy assessment.

2. TAXATION—JEOPARDY TAX ASSESSMENTS—APPEAL AND ERROR—
   HEARING—BOARD OF TAX APPEALS—DEPARTMENTAL POLICY.

   A taxpayer should have ample opportunity to challenge the
   Treasury Department's exercise of summary seizure of money
   under a jeopardy sales tax assessment; the Board of Tax
   Appeals has a duty to receive a delayed appeal from such an
   assessment where the delay was caused by the appellant's
   justified reliance upon previously accepted, though erroneous,
   assessment appeal procedures and the board may not change
   departmental policy to deny review of the assessment because
   of late filing where there has been such justified reliance.

3. TAXATION—JEOPARDY TAX ASSESSMENTS—BOARD OF TAX APPEALS—
   APPEAL AND ERROR—SHOWING OF GOOD CAUSE—EXCLUSIVE
   REMEDIES—STATUTES.

   An appeal from a tax assessment is to be filed within 30 days of
   the date of the assessment but there is no statutory language
   forbidding the Board of Tax Appeals from granting a delayed
   appeal upon a showing of good cause; statutes do not make an
   appeal within 30 days the exclusive remedy for a taxpayer
   aggrieved by a jeopardy assessment (MCLA 205.7; MSA
   7.657[7]).

Original action in the Court of Appeals. Submit-
ted June 20, 1977, at Lansing. (Docket No. 27106.)
Decided August 22, 1977.

Complaint in the Court of Appeals by Chester

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 1977 Federal Taxation ¶ ¶ 9126 et seq.

W. Campbell against the Department of Treasury for mandamus to compel the return of money seized pursuant to a jeopardy sales tax assessment or to require a hearing before the state Board of Tax Appeals on the assessment. Hearing ordered.

*Patmon, Young & Kirk, P. C.* (by *Frederick A. Patmon* and *James B. Feaster),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *E. Raymond O'Malley,* Assistants Attorney General, for defendant.

Before: D. F. WALSH, P. J., and QUINN and H. D. STAIR,* JJ.

H. D. STAIR, J. Plaintiff Chester Campbell brings the present action seeking a writ of mandamus compelling defendant Department of Treasury to return money seized under a jeopardy sales tax assessment and/or compelling defendant state Board of Tax Appeals to hold a hearing concerning that assessment. Before proceeding to the merits of plaintiff's claims, a summary of the complex factual and procedural history of this matter is required.

In February 1975, plaintiff's home was searched by Detroit police officers acting pursuant to a search warrant. The officers found various records and money which indicated the existence of an illegal drug business. Money seized from the house totaled $280,100.

Agents of defendant department conducted an audit of the records and calculated a sales tax deficiency of $314,304.90. A jeopardy assessment was requested and issued on February 28, 1975.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The assessment and notice of levy was served on plaintiff, who was incarcerated in the Oakland County Jail, on March 3, 1975. After service on plaintiff, the Detroit police and the Oakland County prosecutor's office surrendered to department agents money in the amount of $127,775.38. This amount reflected the balance of the funds seized from plaintiff's house following a similar assessment and levy by the Federal Department of Internal Revenue.

On March 7, 1975, a judge of Detroit Recorder's Court ruled that the seizure from plaintiff's house of any property which was not evidence of criminal activity or contraband was illegal under the scope of the search warrant. The court ordered the return of all such property. Only a minimal amount of money was actually returned to plaintiff.

On March 25, 1975, plaintiff sent a request to defendant department for an informal hearing concerning the assessment. On April 1, 1975, defendant referee sent a form letter to plaintiff which stated that the request for a hearing was timely. The form letter on its face described the appeal process for an "intent to assess" and advised plaintiff to ignore any subsequent assessment based upon the "intent to assess".

A hearing was scheduled pursuant to plaintiff's request but was repeatedly adjourned over plaintiff's objections. On June 25, 1975, it was determined by defendant commissioner that defendant referee lacked jurisdiction to hold a hearing on a jeopardy assessment.

On July 11, 1975, defendant commissioner issued an order of determination. The order indicated that it has been departmental practice to grant informal hearings in jeopardy assessment matters

as well as in cases involving an intent to assess. Upon the advice of the Attorney General, defendant commissioner ruled that there was no statutory jurisdiction for a jeopardy assessment hearing. The order stated, however, that since plaintiff had relied upon the former practice he would be allowed 30 days to bring an appeal before defendant board of appeals.

Plaintiff filed an appeal with defendant board on July 23, 1975. On September 23, 1975, the Attorney General moved to dismiss the case because the appeal had not been filed, as required by statute, within 30 days of the actual assessment. On October 23, 1975, defendant board issued an order dismissing the appeal for "lack of jurisdiction and equitable power". In the order the board stated that it believed that the dismissal, while required by the statutory time limitation, "works an unconscionable result and an obvious deprivation of fundamental due process".

Plaintiff initially seeks a writ of mandamus requiring the return of the seized funds, based upon the lower court ruling that the seizure was illegal. We decline to order the money returned for two reasons. First, a return of the money would not eliminate the ultimate question of the validity of the jeopardy assessment since the assessment could be immediately reinstated subsequent to the return. The return would thus be a fruitless gesture that would only delay decision on the other issues.

Second, this Court has refused to order return of funds to the taxpayer under a factually identical situation. In *Sears v Department of Treasury*, 57 Mich App 218; 226 NW2d 63 (1974), the plaintiff was arrested after a search of his vehicle revealed a concealed weapon. An amount of money was

removed from his person prior to his incarceration in jail. A jeopardy sales tax assessment was served on the plaintiff and the money seized from the custody of the police. At the preliminary examination on the criminal charge, the court held the initial search to be illegal and dismissed the charge. Plaintiff thereafter filed suit in circuit court seeking return of the seized funds. Following a grant of accelerated judgment in favor of the defendant, plaintiff appealed to this Court.

The *Sears* Court did not require that the money be immediately returned, but rather focused its discussion on the procedural issues of the plaintiff's appeal of the jeopardy assessment. This Court likewise finds that the question of return of the money should await the final determination of the validity of the assessment.

Plaintiff in the alternative seeks a writ of mandamus to compel defendant board to hold a hearing on his challenge to the assessment. We hold that the writ should issue and accordingly remand the matter to the board for the hearing.

Appeals of a jeopardy sales tax assessment to defendant board are governed by MCLA 205.7; MSA 7.657(7), which states in part:

"Sec. 7. APPEALS. Any person, firm or corporation aggrieved by any assessment, decision, or order of the department of revenue may pursue any appropriate procedure provided by law for the judicial review of the issues involved or have an appeal from such assessment, decision or order to the state board of tax appeals hereby created at any time within 30 days after such assessment, decision or order. Such appeal shall be perfected by filing a sworn statement of the essential facts involved with the state board of tax appeals and serving a copy thereof upon the commissioner or any agent within the department of revenue designated by the commissioner as the agent of the department upon

whom service of notice of appeal may be made and filing proof of such service with the state board of tax appeals, * * * .

"Within 15 days following such service, the department shall answer the statement of appeal so filed. The state board of tax appeals, following the filing of such answer, shall have jurisdiction to review such assessment, decision or order and both the appellant and the department shall have the right to swear witnesses and to be represented by counsel before said state board of tax appeals. Said hearing shall be heard within 60 days after filing of said answer, as in a court not of record and the legal rules of evidence prevailing in the circuit courts of this state shall be enforced. The burden of proof in any appeal from any assessment, decision or order shall rest with the appellant. The rulings upon evidence shall be by the chairman of said board. Within 20 days after such hearing, the state board of tax appeals shall make such assessment, decision or order as it shall find the department should have made in the first instance."

In *Sears v Department of Treasury, supra,* the plaintiff timely filed his appeal with the board, but no hearing was held over a period of one and a half years. Plaintiff then sought mandamus in this Court to compel the hearing. The *Sears* Court stated:

"The procedures for protesting an allegedly illegal jeopardy tax assessment and warrant for sales taxes are set forth in *Craig v Detroit Police Department,* 49 Mich App 599; 212 NW2d 235 (1973), *lv granted,* 391 Mich 785. In *Craig,* which both parties have cited as controlling, the Court listed three alternative methods of protest, as follows:

'(1) suit is in the Court of Claims, which generally has exclusive jurisdiction of claims against state agencies;

'(2) an action for mandamus directed to state officers commenced in the Court of Appeals after appropriate

petitions before proper administrative officers have been rejected;
'(3) complaint filed in circuit court alleging unconstitutionality of a statute on its face.' " 57 Mich App at 221–222.

The defendant in *Sears* argued that plaintiff was not entitled to mandamus relief because he had not exhausted his administrative remedies. This argument was based on the fact that his appeal before the Board of Tax Appeals was still pending. The Court rejected this claim on the grounds that the board was mandated by the statute to hold the hearing within 60 days. Mandamus relief was granted and the hearing ordered.

In the case at bar the situation is somewhat different. Plaintiff did not file an appeal with the board within the 30 days limit of MCLA 205.7; MSA 7.657(7). Instead, he sought a hearing before a department referee. This type of hearing is available to a taxpayer after notification by the Department of Treasury of an intent to assess. MCLA 205.72; MSA 7.543. There is no statutory provision for a referee hearing where a jeopardy assessment has been enforced. However, as defendant commissioner admitted in the order of determination, the departmental policy of the defendants had been to grant a hearing in jeopardy assessment cases. Plaintiff was in fact informed that his request for a hearing was timely and that a hearing would be scheduled.

The departmental policy was changed only after the Attorney General objected to the lack of statutory jurisdiction to hold the referee's hearing. Defendant commissioner, in light of the change in procedure and plaintiff's previous reliance, attempted to reach an equitable result by reinstating the 30 days period in which plaintiff could file his

appeal to the board. The board originally accepted the appeal, but then dismissed the case on the Attorney General's motion.

Defendants now argue, as in *Sears, supra,* that plaintiff is not entitled to mandamus relief because he has not properly exhausted his administrative remedy of appeal. We cannot accept defendants' claim. Plaintiff sought review of the jeopardy assessment in accord with the department's established procedures, even though the procedures were technically incorrect. He was informed that his request was timely and had been granted. His reliance on that procedure was thus reasonable and justifiable.

Being justified in his reliance it would be highly inequitable to now victimize plaintiff because the departmental practice was changed in midstream. Plaintiff timely filed an appeal after being notified of the proper procedure. Again plaintiff reasonably relied on the commissioner's assurance that his right to appeal was intact.

While it is true that the appeal statute states that the appeal is to be filed within 30 days of the date of the assessment, we find no language forbidding the board from granting a delayed appeal upon a showing of good cause. The statute does not make an appeal within 30 days the exclusive remedy for a taxpayer aggrieved by a jeopardy assessment. The Michigan Supreme Court in *Craig v Detroit Police Department,* 397 Mich 185; 243 NW2d 236 (1976), while reversing the Court of Appeals' decision, broadened the third remedy mentioned in the earlier *Craig* decision by allowing for immediate circuit court challenge to a jeopardy assessment, without a requirement of exhaustion of administrative remedies. The strong implication of the Supreme Court's opinion in

*Craig, supra,* is that a taxpayer should have ample opportunity to challenge the department's exercise of the summary procedures of the jeopardy assessment law.

After purporting to accept plaintiff's justifiably delayed appeal, defendant board, by dismissing the action, denied plaintiff a review of the assessment to which he was entitled. The board had a legal duty after receiving plaintiff's appeal to grant him a full hearing. Mandamus being a proper remedy, we remand this action to the Board of Tax Appeals for a hearing to be held within 60 days after the release date of this opinion.

We retain jurisdiction.

No costs.