GEORGE L. WILCOX, Appellant, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent.

INSURANCE (LIFE) — WHEN OWNER OF STOLEN POLICY MAY MAINTAIN ACTION FOR NEW PAID-UP POLICY. Where a policy of life insurance contains a clause that if the policy should become void in consequence of a default in the payment of premiums for three years, the company would issue, in lieu of such policy, a new paid-up policy for a certain proportion of the original policy, "provided that the said policy should be surrendered duly receipted within six months of the date of default in payment of premiums on said policy," the insured, who defaulted in the

1903.]    Wilcox v. Equitable Life Assur. Society.    51

N. Y. Rep.]                Statement of case.

payment of premiums after seven annual premiums had been paid, and from whom the policy had been stolen, may maintain an equitable action for a decree directing the company to' issue a new paid-up policy upon proof that the policy was stolen without his fault; that he has used due diligence to reclaim it, but has been unable to do so; that he is still the owner thereof and has never transferred or assigned his interest therein, and that he has performed all the conditions and requirements on his part, except the surrendering of the stolen policy; and it is reversible error to sustain a demurrer to the complaint in such action, upon the ground that plaintiff did not plead that he was willing to execute some instrument that would operate in law as a surrender of the policy and a discharge of the defendant's liability, since the court has power, before rendering final judgment, to require the plaintiff to execute such paper if it should be necessary for the protection of the defendant.

*Wilcox* v. *Equitable Life Assur. Society*, 55 App. Div. 529, reversed.

(Argued December 5, 1902; decided January 6, 1903.)

Appeal from a judgment, entered January 16, 1901, upon an order of the Appellate Division of the Supreme Court in the first judicial department, affirming an interlocutory judgment of Special Term sustaining a demurrer to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Rider Cady* and *De Witt C. Morrell* for appellant. The plaintiff's and appellant's misfortune in having the policy stolen from him through no fault of his own constitutes, in view of the fact that he has made diligent effort to recover it, a good and sufficient excuse for the failure to surrender the said policy within six months after default in payment of the premium. (*Wheeler* v. *C. L. Ins. Co.*, 82 N. Y. 543; *Beebee* v. *Johnson*, 19 Wend. 306; *Bunce* v. *L. Ins. Co.*, 58 Vt. 253; *Montgomery* v. *P. L. Ins. Co.*, 15 Bush [Ky.], 51; *Chase* v. *P. L. Ins. Co.*, 67 Maine, 85; *S. M. Ins. Co.* v. *Montague*, 84 Ky. 653.) A court of equity will recognize a good excuse and give relief in a proper case. (*Cohen* v. *N. Y. M. L. Ins. Co.*, 50 N. Y. 610; *Sands* v. *N. Y. M. L. Ins. Co.*, 50 N. Y. 626.) Where the annual premiums required for a paid-up policy have been duly paid by the assured, time ceases to be of the essence of the contract

requiring a surrender of the policy within six months. (*M. L. Ins. Co.* v. *Patterson*, 53 L. R. A. 378.)

*W. C. Prime* and *Henry H. Pierce* for respondent. The condition precedent not having been complied with, plaintiff is not in a position to demand specific performance. (Pom. on Spec. Perf. [2d ed.] § 334; *Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341; *Oakley* v. *Morton*, 11 N. Y. 25; *Howell* v. *K. L. Ins. Co.*, 44 N. Y. 276; *Lindenthal* v. *G. L. Ins. Co.*, 26 Misc. Rep. 443.)

O'BRIEN, J.  The final judgment in this case sustained a demurrer to the complaint.  The only question presented by the appeal is whether the complaint states facts sufficient to constitute a cause of action.  It avers, in substance, that on the 9th day of October, 1883, the defendant, in consideration of the payment of an annual premium of $58.18 per year and an agreement to pay such annual premium for twenty years, made and delivered to the plaintiff its policy of insurance whereby it insured his life in the sum of two thousand dollars and promised to pay to him, if living at the expiration of said twenty years, or in the event of his death at any time within said period to his brother, the said sum of two thousand dollars.  It is then alleged that the policy contained a clause whereby the defendant promised and agreed that if the premiums on the policy for not less than three complete years from the date, to wit, October 9, 1883, shall have been duly received by the defendant and the policy should become void in consequence of default in payment of a subsequent premium, then the defendant would issue in lieu of such policy a new paid-up policy without participation in profits in favor of the plaintiff for as many twentieth parts of the original amount assured as there shall be complete annual premiums received in cash by the defendant upon the policy at the date when such default should be made, provided "that said policy shall be surrendered duly receipted within six months of the date of default in payment of premium on said policy."

It is then alleged that the plaintiff paid the defendant the annual premiums on the policy for seven consecutive years and duly fulfilled all conditions on his part required by said policy; that on or about the 8th of April, 1889, the policy was stolen from the plaintiff without any fault on his part, while the same was in full force and effect, and that the plaintiff has never been able to recover the same nor has it at any time since been in his possession or control, but that he has since continued to be wholly ignorant of its whereabouts, although he has made diligent effort to recover possession of it, and he is still the owner of the same and has never transferred or assigned his interest in the same.

That when the premium fell due in the year 1890 the plaintiff defaulted in the payment of the same and has made no payment since; that he has demanded from the defendant a new paid-up policy in accordance with the terms of the contract, duly informing the defendant that he surrendered his policy, but that it had been stolen and that he was unable to recover the same, and, therefore, could not deliver it to the defendant, which demand was refused; that the plaintiff has always been, and still is, ready and willing to perform on his part, except as to the delivery of the stolen policy. The relief demanded is that the defendant be decreed to issue to the plaintiff a new paid-up policy of assurance without participation in the profits for as many parts of the original policy issued by the defendant as it had received in cash complete annual premiums at the date when default was made, to wit, seven-twentieths parts of said two thousand dollars of assurance; that is to say, a paid-up policy for seven hundred dollars, besides the costs and disbursements of the action. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the courts below have sustained the demurrer.

We think that this demurrer should have been overruled, and, therefore, that the judgment should be reversed. All the facts stated in the complaint are, of course, admitted by the demurrer, and the fact that the policy was stolen from the

plaintiff without any fault on his part, and that he was unable
to comply with the condition upon which the new paid-up
policy was to be issued, namely, the surrender and receipt
within six months of the date of default, constitutes in equity
a sufficient excuse for the non-performance of that condition.
The action is, in substance, one for specific performance, and,
of course, the plaintiff must show that he has performed on
his part or state such an excuse for non-performance as a court
of equity will recognize. (*Wheeler* v. *Conn. Mut. Life Ins.
Co.,* 82 N. Y. 543.) Equity will not deny to the plaintiff the
relief sought simply because the policy had been stolen. When
that fact appears, and that the plaintiff has used due diligence
to reclaim it, and that he is still the owner of the policy, a
case is stated which constitutes grounds for equitable relief.
It is admitted that the plaintiff is unable to deliver to the
defendant the policy with a receipt indorsed upon it, and this
is what the condition required, but it is said that while it was
not necessary under the circumstances disclosed to deliver the
identical paper or policy referred to, yet the plaintiff was
still able to deliver to the defendant some receipt, release or
other instrument which would constitute a sufficient surrender
of the policy and a sufficient discharge of all liability of
the defendant.

But the condition does not, in terms, require anything of
that kind. What it does require is the surrender of the iden-
tical policy with a proper receipt indorsed thereon. All
agree that compliance with this condition became impossible,
but the courts below have attempted to put another condition
in its place, namely, the execution of some instrument that
would operate in law as a surrender of the policy and a dis-
charge of the defendant's liability. It should be observed that
it does not appear that the defendant ever asked or required
the plaintiff to do anything of that kind. It stood and still
stands upon the condition which required a surrender of the
identical policy. So far as we know or can know from the
pleading it does not require anything else, and if it does, that
is to say, if some other writing in the form of a release or

receipt is necessary for the protection of the defendant, then the court has power before rendering final judgment to require the plaintiff to execute such a paper, but it was not necessary for the plaintiff, in the first instance, to plead that he had volunteered to execute and deliver such a paper. The court, doubtless, has power before awarding the relief which the plaintiff demands to require him to execute and deliver such a paper, but it was not made by the contract a condition precedent to the right to maintain the action, and, therefore, it was not necessary to plead it.

The judgment should be reversed and judgment ordered for the plaintiff on the demurrer, with costs in all courts, with leave to the defendant to answer within twenty days on payment of costs.

Parker, Ch. J., Martin, Vann and Cullen, JJ., concur; Gray, J., dissents; Werner, J., absent.

Judgment reversed, etc.