In the Matter of Supplementary Proceedings: Charles Gutkin, Assignee of George A. Colvin, Judgment Creditor, Respondent, v. Brooklyn Savings Bank, Third Party, Appellant, and Others, Judgment Debtors.— In a supplementary proceeding against the appellant as a third party indebted to one of the judgment debtors, order as resettled, made under section 792 of the Civil Practice Act, directing the appellant to turn over to the respondent certain moneys on deposit with it, standing to the credit of the said judgment debtor in this proceeding, reversed upon the law, without costs, and motion denied, without costs, with leave to the respondent to renew such motion upon proof of compliance with section 792 of the Civil Practice Act. In our opinion, the service of the notice upon the judgment debtor by mailing the same to him at an address in Italy did not constitute due process of law within the meaning of section 792 (*supra*). The period between the mailing of such notice and the return date of the application was, in our opinion, insufficient. The proof that the said judgment debtor resided at the address named in such notice was insufficient, and the said notice did not give the judgment debtor information as

to the particular part of the Supreme Court where the application was returnable. We are further of the opinion that, prior to the service of any notice upon the judgment debtor, an order should be obtained from the court at Special Term providing the manner in which such notice should be served upon the judgment debtor, by publication or otherwise. The appeal from the original order, dated July 31, 1935, is dismissed, as that order was merged in the resettled order. Young, Hagarty, Tompkins and Davis, JJ., concur; Lazansky, P. J., concurs in the result and votes for a denial of the motion upon the ground that there is no authority for supplementary proceedings at the instance of the assignee of a part of a judgment. [See *ante*, p. 734.]