In the Matter of Supplementary Proceedings: No. 6 Park Street, Inc., 4 West Park Ave., Long Beach, N. Y., Respondent, v. Agnes Bramstedt, Judgment Debtor; Queens Borough Gas and Electric Company, Third Party, Appellant.— Order of the County Court of Nassau county in supplementary proceedings requiring a third party to make payment to a judgment creditor of a sum of money possessed by the third party in the name of one Agnes Bramstedt, reversed on the law, with ten dollars costs and disbursements, and the motion denied. The court was without power to make the order. The judgment creditor did not comply with the procedure prescribed in section 794 of the Civil Practice Act. (*Matter of Gutkin* [*Colvin*] v. *Brooklyn Savings Bank*, 246 App. Div. 739.) Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.

In the Matter of the Application of James V. Petrillo, Respondent, for a Mandamus Order against Denton Pearsall, Jr., and Others, Defendants, and David Cohn, George M. Percy, John K. Miller, William N. Allman and Clarence O. Peterson, as Aldermen and as Members of and Constituting the Common Council of the City of Mount Vernon, New York, Appellants.— Order denying the motion of the appealing defendants, as aldermen and constituting the common council of the city of Mount Vernon, to strike out their names as parties to a mandamus proceeding and to dismiss the proceeding as against them, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.

In the Matter of the Application of Warner J. Sherb and Harry P. Wood, Copartners under the Name of Sherb Wood Co., Respondents, for a Peremptory Order of Mandamus against August N. Gandia, as Treasurer of the City of Long Beach, Appellant.— Peremptory order of mandamus directing the treasurer of the city of Long Beach to make payment forthwith to the petitioners of the sum of $350 unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.

In the Matter of the Application of Helen Steinmetz, Respondent, to Compel Frank Anthony Kopsick, as Administrator c. t. a. of the Estate of Anna Plump, Deceased, Appellant, to Deliver to Petitioner Property Belonging to Petitioner Pursuant to Section 206-a of the Surrogate's Court Act.— In a proceeding under the provisions of section 206-a of the Surrogate's Court Act, petitioner alleged a claim to a bank book, now in the possession of the estate representative. Decree of the Surrogate's Court of Queens county awarding possession of the bank book to petitioner, together with the moneys on deposit in the account it represents, reversed on the law and the facts, with costs to the appellant, payable out of the assets of the estate, and petition dismissed, with costs. The petitioner alleged that the gift of the bank book was made by the decedent to her before the decedent came to live with her. The writing offered in evidence to sustain the gift shows that it was given as security. The decedent paid fifteen dollars a week to the petitioner for board. After the date of the alleged gift the decedent exercised control of the book by depositing funds in the account and making withdrawals. This was done by the execution of proper draft slips, similar to that used to evidence the alleged gift. Careful reading of the evidence shows that the petitioner failed to sustain the burden of proof necessary to establish the gift of the bank book, and the determination was contrary to the evidence. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.