In the Matter of Proceedings Supplementary to Judgment: JOHN T. BARTLEY, JAMES A. BARTLEY, WILLIAM J. BARTLEY and ROSE A. HAYES, Judgment Creditors, v. EDWARD L. BARTLEY, Judgment Debtor; BURTON B. TURKUS, Receiver of the Property of EDWARD L. BARTLEY, Appellant; THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Respondent.— Resettled order denying the application of appellant, as receiver in supplementary proceedings, to compel an insurance company to pay over the cash surrender value of an insurance policy on the life of the judgment debtor, affirmed, without costs; with leave to appellant to renew such motion upon proof of compliance with section 794 of the Civil Practice Act. The non-production of the insurance policy did not require a denial of the application. The condition of the policy requiring its surrender may be disregarded upon proof that performance of such condition is impossible. (Wilcox v. Equitable Life Assur. Society, 173 N. Y. 50; Lindenthal v. Germania Life Ins. Co., 174 id. 76; Lahey v. Lahey, Id. 146; Zander v. N. Y. Security & Trust Co., 178 id. 208.) We affirm the order because no notice of the application was given to the judgment debtor. There is no basis for the present proceeding in section 796 of the Civil Practice Act, which permits the applicant to proceed without notice, because that section is concerned only with the recovery of tangible property. The receiver is not proceeding under the first sentence of section 794 (as it existed prior to the amendment made by Laws of 1938, chap. 605, in effect Sept. 1, 1938), because that provision relates only to a permissive order. (Matter of Delaney, 256 N. Y. 315, 319.) Necessarily the proceeding is based upon the second sentence of section 794 (prior to the latest amendment), and that provision requires " notice of the application, sufficient in substance to constitute due process of law." Some kind of notice must be given to the judgment debtor. (Matter of Gutkin v. Brooklyn Savings Bank, 246 App. Div. 739; S. C., 251 id. 838.) The court could specify the form of the notice to be given, but could not dispense with notice altogether. Appeal from order entered July 14, 1938, dismissed. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.