McFADDEN v DOWNRIVER AREA NARCOTICS ORGANIZATION

Docket No. 78-84. Submitted November 9, 1978, at Detroit.—Decided June 19, 1979. Leave to appeal applied for.

Defendant Downriver Area Narcotics Organization confiscated $5,800 from plaintiff Edward McDaniel following his arrest. Defendant Michigan Department of Treasury later seized those funds pursuant to a jeopardy tax assessment and levy against plaintiff McDaniel. Plaintiff William R. McFadden and plaintiff McDaniel brought an action in circuit court seeking an order requiring the Department of Treasury to show cause why the funds should not be returned. Plaintiffs alleged that the ownership of those funds, prior to seizure, had been transferred from McDaniel to McFadden, an attorney at law, as a retainer fee in the criminal case against McDaniel. The Wayne Circuit Court, Roland L. Olzark, J., denied plaintiffs' request for an evidentiary hearing and dismissed plaintiffs' complaint on the basis that they failed to meet their burden of proof. Plaintiffs appeal. *Held:*

1. A taxpayer seeking relief from a jeopardy tax assessment and levy is entitled to introduce proofs at a post-seizure hearing.

2. The right of the Department of Treasury to make disclosures of facts relevant to a jeopardy tax assessment and levy in the form of affidavits does not deny a taxpayer the right to introduce proofs at a post-seizure hearing.

3. A third party who asserts ownership of property seized from a taxpayer in a jeopardy tax assessment and levy may seek to establish his ownership at the post-seizure hearing in circuit court.

Reversed and remanded.

1. Taxation — Jeopardy Assessments — Hearing — Proofs.

A taxpayer seeking relief from a jeopardy tax assessment and

References for Points in Headnotes
[1-3] 72 Am Jur 2d, State and Local Taxation §§ 713, 1077, 1107.
[3] 68 Am Jur 2d, Searches and Seizures § 118.
    72 Am Jur 2d, State and Local Taxation § 1086.

levy, having the burden of proof, is entitled to introduce proofs at a post-seizure hearing.

2. TAXATION — JEOPARDY ASSESSMENTS — AFFIDAVITS — HEARING — PROOFS.

The right of the Department of Treasury to make disclosures of facts relevant to a jeopardy tax assessment and levy in the form of affidavits does not deny a taxpayer the right to introduce proofs at a post-seizure hearing.

3. TAXATION — JEOPARDY ASSESSMENT — OWNERSHIP — HEARING — CIRCUIT COURT.

A third party who asserts ownership of property seized from a taxpayer in a jeopardy tax assessment and levy may seek to establish his ownership at a post-seizure hearing in circuit court.

*William R. McFadden,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *E. David Brockman,* Assistant Attorney General, for defendants on appeal.

Before: ALLEN, P.J., and R. M. MAHER and J. E. TOWNSEND,* JJ.

J. E. TOWNSEND, J. This cause arises out of a jeopardy tax assessment and seizure of moneys. Plaintiffs McFadden and McDaniel appeal from an order of the Wayne County Circuit Court issued December 21, 1977, which dismissed plaintiffs' complaint. Plaintiffs' complaint sought the return of $5,800, initially confiscated from plaintiff Mc-Daniel following his arrest by the Downriver Area Narcotics Organization, and later seized by defendant Michigan Department of Treasury pursuant to a jeopardy tax assessment and levy against plaintiff McDaniel. Plaintiff McFadden, an attorney at law, claimed ownership of such money by

---

* Circuit judge, sitting on the Court of Appeals by assignment.

transfer from plaintiff McDaniel as a "retainer fee" in the criminal case against plaintiff McDaniel.

At the show cause hearing on September 2, 1977, the circuit judge precluded oral argument and denied plaintiff attorney's request for an evidentiary hearing.

The circuit judge issued an opinion on October 26, 1977, which cited *Craig v Detroit Police Dep't,* 397 Mich 185; 243 NW2d 236 (1976), and acknowledged that the taxpayer was entitled to a post-seizure hearing before the circuit court. The opinion recognized that plaintiffs had the burden of proof, and stated that "plaintiff offered no proofs" and found that plaintiff "has not met his burden of pleading and proving" his claims.

On December 21, 1977, the circuit judge entered an order dismissing plaintiffs' complaint and petition for order to show cause, which recited that the court "found that the plaintiffs have failed to meet their burden of proof".

It is apparent that the circuit court interpreted *Craig, supra,* as not mandating an evidentiary hearing. We disagree.

The decision in *Craig* mandates a "prompt post-seizure hearing into the *factual basis* for the assessment". (Emphasis supplied.) *Id.* at 190.

The Supreme Court, by placing the burden of proof on the taxpayer in the post-seizure hearing *(Id.* at 195), necessarily assumes the opportunity for the taxpayer to introduce proofs at such hearing on the relevant issues.

Procedural due process, as a basic constitutional right, requires an evidentiary hearing to determine whether there has been a deprivation of property without due process of law. For example, see *Detroit & Northern Savings & Loan Ass'n v*

*Woodworth,* 54 Mich App 517, 221 NW2d 190 (1974), recognizing the right to introduce evidence at a claim and delivery show cause hearing.

The reference in the *Craig* case to "disclosure by affidavit" *(Craig, supra,* at 195) is concerned merely with prehearing discovery, and does not deny a taxpayer the right to introduce evidence at the hearing.

A basic issue in this case not faced or decided by the Supreme Court in the *Craig* case is the right of a third party to an evidentiary hearing on his claim that he, and not the taxpayer, owned the property seized for the tax obligation, and that, as a third-party owner, he has prior and superior rights to such property which deserve protection.

Surely, the owner of personal property seized for another's taxes while in the custody of someone other than the owner, whether such property be money, a motor vehicle, or whatever, may seek to establish his ownership, and his right to immediate possession thereof, at a prompt post-seizure hearing in circuit court.

The seizure of property owned by someone other than the taxpayer in question, if such is the fact, is an invalid and illegal act which may be challenged forthwith in the circuit court.

Reversed and remanded for an evidentiary hearing on plaintiffs' complaint in the Wayne County Circuit Court.