TROY INDUSTRIAL CATERING SERVICE, INC v DEPARTMENT
OF TREASURY

Docket No. 46945. Submitted November 4, 1980, at Detroit.—Decided
April 7, 1981.

The Department of Treasury seized various assets of Troy Indus-
trial Catering Service, Inc., Pat's Catering of Warren, Inc., and
Patrick Giannotta, the operator of the catering services, after
issuing jeopardy tax assessments for allegedly overdue sales
taxes. Giannotta and the two corporations brought an action in
Macomb Circuit Court for a post-seizure hearing to compel the
Treasury Department to substantiate the validity of the jeop-
ardy tax assessments. The Macomb circuit judge transferred
venue to Oakland County as to Troy Industrial Catering Ser-
vice, Inc., and Giannotta but retained jurisdiction of the case
concerning Pat's Catering of Warren, Inc. No appeal has been
taken from the subsequent proceedings in Macomb Circuit
Court. The Oakland Circuit Court, Gene Schnelz, J., found that
there was a factual basis for the jeopardy assessments, and
granted a restraining order which prohibits the Treasury De-
partment from selling the seized assets pending appeal. The
plaintiffs appeal. On appeal, the issues are whether, at a post-
seizure hearing, a finding that a jeopardy tax assessment has a
basis in fact must include a finding that the collection of the
tax assessment is in jeopardy and whether the circuit court
may properly stay the sale of the seized assets. *Held:*

1. A post-seizure hearing must include a finding that the
collection of the assessment is in jeopardy. In this case the
assets seized, real estate, vehicles and items of food, are not
easily disposed of or concealed. There was no finding at the
post-seizure hearing that collection of the tax was in jeopardy.
Therefore, the case must be remanded for a hearing on this
issue.

2. The grant of the restraining order was proper. The court
had authority to issue such an order under a judicial exception
to a statute which otherwise prohibits injunctions to stay

REFERENCES FOR POINTS IN HEADNOTES
[1] 72 Am Jur 2d, State and Local Taxation §§ 786, 787.
[2] 72 Am Jur 2d, State and Local Taxation § 787.

proceedings for the assessment and collection of any tax under the sales tax act and under various court rules.

Remanded for further proceedings.

1. TAXATION — JEOPARDY ASSESSMENTS — SEIZURE OF ASSETS — HEARINGS.

A hearing following a seizure of assets by the Department of Treasury pursuant to a jeopardy assessment must include a showing by the department that the collection of the assessment is, in fact, in jeopardy; at this hearing the department must disclose the relevant facts which support the jeopardy assessment, and the taxpayer has the burden of proving that he is not liable for the tax assessed or that, if he is liable, the collection of the tax is not in jeopardy.

2. TAXATION — JEOPARDY ASSESSMENTS — INJUNCTIONS — STATUTES — COURT RULES.

A trial court may enter an injunction prohibiting the Department of Treasury from selling assets seized pursuant to a jeopardy assessment proceeding where it is claimed that the department was not acting "under" or "pursuant to" the sales tax statute and where irrevocable injury to the taxpayer could occur if the injunction were not granted, notwithstanding a statutory prohibition against an injunction to stay proceedings for assessment or collection of sales taxes (MCL 205.72; MSA 7.543, GCR 1963, 530.3, 530.4).

*Hyman, Gurwin, Nachman, Friedman & Winkleman* (by *Edward D. Gold),* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Alan H. Broad,* Assistant Attorney General, for defendant.

Before: M. F. CAVANAGH, P.J., and D. F. WALSH and D. C. RILEY, JJ.

D. F. WALSH, J. Plaintiffs appeal a jeopardy tax assessment and the summary seizure of certain assets incurred for allegedly overdue sales taxes.

For several years plaintiff Patrick Giannotta operated Troy Industrial Catering Service, Inc., and Pat's Catering of Warren, Inc., which provided

sandwiches and snacks that are sold from vending trucks at industrial sites. On May 24, 1979, defendant issued tax assessments against Giannotta, Troy Industrial Catering Service, Inc., Pat's Catering of Warren, Inc., and various owners of the vending trucks for unpaid sales taxes in the amount of $738,094. Pursuant to jeopardy warrants, defendant also seized the premises of the two catering businesses, more than 12 vending trucks, numerous items of food and Giannotta's personal automobile.

On May 25, 1979, plaintiffs and Pat's Catering of Warren, Inc., filed an action in Macomb County Circuit Court for a post-seizure hearing to compel defendant to substantiate the validity of the jeopardy tax assessment. Plaintiffs' cause of action was transferred to Oakland County Circuit Court for proper venue. On July 12, 1979, the court imposed a temporary restraining order preventing defendant from selling the seized assets.

After a hearing on July 25, 1979, the circuit court found a factual basis for the assessment, dismissed the complaint and dissolved the temporary restraining order. Plaintiffs' motion for rehearing was denied on August 8, 1979, but the temporary restraining order was reinstated pending appeal on the condition that plaintiffs post a $15,000 bond. Defendant then moved in the Court of Appeals to vacate the restraining order. This Court denied the motion on August 27, 1979. Plaintiffs appealed from the circuit court order and also requested a hearing before the State Board of Tax Appeals with regard to the amount of any unpaid taxes.

In *Craig v Detroit Police Dep't,* 397 Mich 185; 243 NW2d 236 (1976), the Michigan Supreme Court, relying on *Comm'r of Internal Revenue v*

*Shapiro,* 424 US 614; 96 S Ct 1062; 47 L Ed 2d 278 (1976), held that, to comply with due process, the taxpayer in a jeopardy assessment situation must be afforded a prompt post-seizure hearing. The Court stated that "the only issues [at the hearing] * * * are whether irreparable injury exists and whether the assessment has a basis in fact". *Craig, supra,* 191. The first issue in this appeal is whether a finding by the trial court at a post-seizure *Craig* hearing that a jeopardy tax assessment has a basis in fact must include a finding not only that there is factual support for the Department of Treasury's determination that the tax is due but also for the determination that collection of the tax is in jeopardy. We hold that such a finding is necessary.

The General Sales Tax Act, MCL 205.51 *et seq.;* MSA 7.521 *et seq.,* provides for jeopardy assessments as follows:

"If the department finds that a person liable for tax under any provisions of this act designs quickly to depart from the state or to remove his property therefrom, or to conceal himself or his property therein, or to do any other act tending to prejudice or to render wholly or partly ineffectual proceedings to collect such tax unless such proceedings be brought without delay, the department shall cause notice of such finding to be given such person, together with a demand for an immediate return and immediate payment of· such tax. Warrant may issue immediately upon issuance of such jeopardy assessments. Thereupon such tax shall become immediately due and payable. If such person (1) is not in default in making any return or paying any tax prescribed by this act, and (2) furnishes evidence satisfactory to the department under regulations prescribed by the department, that he will duly return and pay the tax to which the department's finding relates, then such tax shall not be payable prior to the time otherwise fixed for payment." MCL 205.64; MSA 7.535.

A reading of the foregoing statutory provision indicates that the statute itself requires that the treasury make a specific finding that the collection of the sales tax is unlikely due to some act by the taxpayer in the form of concealment, departure from the state or any other conduct prejudicing an eventual payment. Moreover, in concluding that a taxpayer must be given an ample opportunity to challenge the treasury's use of summary assessment procedures, the Supreme Court, in *Craig,* highlighted the specific statutory deficiency:

"There is no provision for taxpayer challenge of the departmental finding that an act tending to jeopardize collection has been or is about to be committed. Yet, it is this determination of jeopardy which sets into motion the extraordinary procedure permitting simultaneous demand and seizure. The potential for abuse or for injury due to mistake is obvious." *Craig, supra,* 189-190.

We are persuaded, from consideration of the statutory language and from the Supreme Court's interpretation of the statute in *Craig,* that the scope of the post-seizure hearing must include a determination that the collection of the assessment is in jeopardy. In other words, in our judgment, implicit in a determination of whether a jeopardy tax assessment has a basis in fact is a determination that the collection of the tax is, in fact, in jeopardy. Otherwise every tax assessment could be collected by the summary seizure of a party's assets upon a treasury determination that the taxpayer was liable for the tax, and the Legislature's imposition of specific requirements for the collection of taxes in jeopardy would serve no purpose. As noted by the Court in *Craig,* the potential for abuse in jeopardy tax assessments and seizures is obvious.

The *Craig* Court's failure to mention the necessity of showing jeopardy at the post-seizure hearing is not dispositive here because this issue was probably never raised in that case. *Craig* involved the seizure of cash, which can easily be disposed of or transferred. The likelihood of jeopardy is readily apparent in such a case. Here, however, the seized property included the assets of an ongoing business: real estate, vehicles and items of food. Such property is not so easily disposed of or concealed. Since the defendant must determine that the collection of the tax is in jeopardy before the jeopardy assessment procedure can be utilized, we conclude that the court must find that element as part of the factual basis at a *Craig* hearing.

In this case the trial court did not make a finding that the facts disclosed by the Department of Treasury in the affidavits submitted at the hearing supported the conclusion that the collection of the tax was in jeopardy. The case must be remanded to the trial court, therefore, for a hearing on that issue.[1]

The second issue on appeal involves the circuit court's imposition of a restraining order pending plaintiffs' appeal of the findings at the *Craig* hear-

---

[1] At the *Craig* hearing the plaintiffs have the burden of proving that the jeopardy assessment lacked a factual basis, *i.e.,* the plaintiffs must prove that they are not liable for the tax assessed or that, if they are liable, the collection of the tax is not in jeopardy. The Department of Treasury must disclose to the plaintiffs the relevant facts available to it which support the assessment. Disclosure may be made in the form of affidavits. *Craig v Detroit Police Dep't,* 397 Mich 185, 195; 243 NW2d 236 (1976). The plaintiffs can sustain their burden of proof by demonstrating that the facts disclosed by the Department of Treasury do not support the conclusion that the plaintiffs are liable for the tax or that the collection of the tax is in jeopardy for one of the reasons stated in the statute. MCL 205.64; MSA 7.535. If it is necessary for the plaintiffs to introduce additional evidence to sustain their burden of proof, they have the right to do so at the hearing. *McFadden v Downriver Area Narcotics Organization,* 90 Mich App 748; 282 NW2d 464 (1979).

ing. Defendant claims that the court had no authority to issue the order after a determination that there was a basis in fact for the jeopardy assessment. In support of this proposition, defendant cites the anti-injunction statute, MCL 205.72; MSA 7.543, which states that: "No injunction shall issue to stay proceedings for assessment or collection of any taxes levied under this act".

In *Craig, supra,* however, the Court created a judicial exception to the anti-injunction statute:

"A statute prohibits the issuance of injunctions 'to stay proceedings for the assessment and collection of any tax levied under' the Income Tax Act. Another statute prohibits the maintenance of an action for replevin of 'any property taken by virtue of any warrant for the collection of any tax * * * in pursuance of any statute of this state'. Following the reasoning of *Shapiro,* and because of the unique nature of summary seizures, we find that the state cannot lay valid claim to acting 'under' or 'pursuant to' statute if it is determined that there is no factual basis for the assessment. Accordingly, if the circuit court makes such a finding in favor of the taxpayer and equity jurisdiction otherwise exists, the court may enter an appropriate order for the return of the seized property." *Craig v Detroit Police Dep't, supra,* 194-195.

In this case, of course, the trial court ruled that there was a factual basis for the assessment. It is that ruling, however, that was appealed to this Court. The circuit court had jurisdiction to stay the sale of plaintiffs' property pending an appeal under several court rules. GCR 1963, 530.3, provides:

"When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency

of the appeal upon such terms as to bond or otherwise as are proper for the security of the rights of the adverse party."

GCR 1963, 530.4, also provides:

"When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in sub-rule 530.1. The bond shall be made and given in conformity with Rule 808." See also GCR 1963, 808.

We note the general rule that when there is a conflict between a court rule and a statute, the former prevails. *In re Nathan,* 99 Mich App 492, 494; 297 NW2d 646 (1980), *People v Walker,* 84 Mich App 700, 702-703, fn 2; 270 NW2d 498 (1978), and cases cited therein.

In the instant case, plaintiffs claim on appeal that the treasury was not acting "under" or "pursuant to" the sales tax statute because it had failed to demonstrate the proper factual basis for a jeopardy tax assessment. In view of the underlying basis of the appeal and the irrevocable injury that could occur if the restraining order were not granted, the circuit court properly stayed the sale of the seized assets.

We hereby remand to the circuit court for a determination of whether "an act tending to jeopardize collection has been or is about to be committed". *Craig, supra,* 190. The facts presented by defendant must demonstrate probable cause to support the finding that the collection is in jeopardy. If defendant discloses sufficient facts, plaintiffs' suit should be dismissed. If factual support for the element of jeopardy is lacking, the circuit court may enter an appropriate order for the return of the seized property. We do not retain jurisdiction.