## FRANK v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES

Docket No. 72035. Submitted May 1, 1984, at Detroit.—Decided August 7, 1984. Leave to appeal applied for.

Plaintiff, Marilyn J. Frank, purchased a policy of life insurance on the life of Allan L. Lashbrook from defendant, The Equitable Life Assurance Society of the United States. Within ten days plaintiff mailed a letter to defendant requesting the refund of the premium paid. Defendant received this letter on September 4, 1980. On September 13, 1980, defendant's agent visited Mr. Lashbrook's home and attempted unsuccessfully to pick up the policy. Mr. Lashbrook died on the next day, September 14, 1980. On September 16, 1980, plaintiff informed defendant's agent that Mr. Lashbrook had died. On September 29, 1980, defendant returned the semiannual premium to plaintiff. Plaintiff's claim for the proceeds of the policy was denied, and plaintiff brought an action for the proceeds. The Wayne Circuit Court, Joseph B. Sullivan, J., granted summary judgment to plaintiff, holding that there was no dispute as to any issue of material fact. Defendant appealed. *Held*:

1. Both the terms of the insurance contract and the relevant Michigan statute require the physical return of the policy in order to effect cancellation. Plaintiff's request for a refund was insufficient to effect cancellation without proof that physical return of the policy was impossible.

2. Defendant's claim of equitable estoppel is without merit.

Affirmed.

1. Trial — Disputed Issue of Material Fact.

There can be no disputed issue of material fact where the dispute is not brought to the attention of the trial court.

References for Points in Headnotes
[1] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
    75 Am Jur 2d, Trial §§ 321, 337.
[2] 43 Am Jur 2d, Insurance §§ 406-410, 413.
[3] 28 Am Jur 2d, Estoppel and Waiver § 78.

2. INSURANCE — LIFE INSURANCE — CANCELLATION OF INSURANCE — STATUTES.

   A life insurance policyholder may cancel the policy, within the time period printed or stamped on the policy, and receive a prompt refund of any premium paid by mailing or otherwise surrendering the policy to the insurer together with a written request for cancellation; a mere request for a refund, without the physical return of the policy to the insurer, is not sufficient to effect a cancellation (MCL 500.4015; MSA 24.1404).

3. ESTOPPEL — DETRIMENTAL RELIANCE.

   Proof of detrimental reliance is an essential element in establishing equitable estoppel.

*Monaghan, Campbell, Lo Prete, McDonald & Sogge* (by *James J. Williams*), for plaintiff.

*Lewis, White & Clay* (by *Valerie D. Lewis*), for defendant.

Before: GRIBBS, P.J., and HOOD and R. D. KUHN,* JJ.

PER CURIAM. Defendant appeals as of right from a grant of summary judgment to plaintiff on her claim for the proceeds of an insurance policy on the life of Allan L. Lashbrook. Plaintiff was the owner and sole beneficiary named in the policy.

The life insurance policy in question was delivered to plaintiff on August 18, 1980. She paid the semiannual premium at that time. On August 27, 1980, plaintiff mailed a letter to defendant in which she requested the refund of premiums paid on the policy under the "10-day free look" provision of Michigan law.

Defendant received this letter on September 4, 1980. On September 13, 1980, defendant's agent visited Mr. Lashbrook's home and attempted unsuccessfully to pick up the policy. Mr. Lashbrook

* Circuit judge, sitting on the Court of Appeals by assignment.

died on the next day, September 14, 1980. On September 16, 1980, plaintiff informed defendant's agent that Mr. Lashbrook had died. On September 29, 1980, defendant returned the semiannual premium to plaintiff. Defendant denied her claim for payment of the proceeds of the life insurance policy on November 5, 1980, and this suit followed.

The trial court granted plaintiff's motion for summary judgment, holding that no disputed issues of material fact existed. He held that plaintiff's letter seeking the return of the premiums did not satisfy either the contractual or the statutory requirements for cancelling the policy in question. On its face, the policy contained the following langauge:

"Ten Days to Examine Policy—If for any reason you are not satisfied with your policy, you may cancel it by returning the policy to us within 10 days after you receive it. If you do, we will refund the premium that was paid."

The policy in question was governed by MCL 500.4015; MSA 24.14015, which states:

"A policy of life insurance, other than group insurance, shall not be delivered or issued for delivery in this state unless the policy contains on the front page a notice, in substance printed or stamped made as a permanent part of the policy, that during a period of not less than 10 days after the date the policyholder receives the policy, the policyholder may cancel the policy and receive from the insurer a prompt refund of any premium paid for the policy, including a policy fee or other charge, by mailing or otherwise surrendering the policy to the insurer together with a written request for cancellation. If a policyholder or purchaser pursuant to such notice, returns the policy or contract to the company or association at its home or branch office or to the agent through whom it was purchased, it

shall be void from the beginning and the parties shall be in the same position as if no policy or contract had been issued."

The trial judge held that both the contract and the statute require physical return of the policy to effect cancellation.

On appeal, defendant claims that the trial judge erred by resolving what it alleges to be disputed issues of material fact. Defendant relies on the principle that the condition of an insurance policy requiring its surrender may be disregarded upon proof that performance of such a condition is impossible. See *Bartley v Bartley,* 255 App Div 992; 8 NYS2d 327 (1938). In the trial court, defendant did not claim that plaintiff could not have produced the policy. Defendant never pointed to plaintiff's failure to allege that she had possessed the policy at the time she requested the return of her premium payment. Defendant's failure at trial to claim that surrender of the policy might have been excused precludes it from making this claim on appeal. There can be no disputed issue of material fact where the dispute is not brought to the attention of the trial court. We also note that plaintiff's attorney stated, without challenge, that plaintiff presently possessed the policy, at the motion hearing. At a subsequent hearing, the policy was apparently produced and examined by defense counsel. The absence of clearer proof that tender of the policy was not impossible is due to defendant's failure to raise the issue.

Defendant also challenges the trial judge's ruling on the merits. Defendant claims that plaintiff "otherwise surrendered" the policy to defendant when she requested a refund of the premium paid, thus satisfying the requirement that the policy be returned to the insurer. We disagree for the rea-

sons stated by the trial court. The contractual provision allows the insured to cancel the policy within 10 days only "by returning the policy" to the insurer. The statutory provision, MCL 500.4015; MSA 24.14015, provides that the policyholder may cancel the policy and receive from the insurer a prompt refund "by mailing or otherwise surrendering the policy to the insurer together with a written request for cancellation".

Defendant's claim that one may cancel a policy under the statute merely by requesting a refund of the premium is without merit. The statute requires both a written request for cancellation and a surrender of the policy to the insurer by mailing or otherwise. To accept defendant's argument that a letter requesting a refund constitutes "otherwise surrendering" the policy ignores the Legislature's imposition of two separate and distinct statutory requirements. The Legislature required an insured to return the policy together with a written request for cancellation. Plaintiff's request for a refund may properly be considered a written request for cancellation. The trial judge correctly held that, in general, "otherwise surrendering" the policy requires that it be physically returned to the insurer.

Defendant also claims that plaintiff's efforts to cancel the policy require that she be estopped from claiming its proceeds. This claim is without merit. As one element of equitable estoppel, defendant states that there must be a representation (by the party estopped to the party claiming estoppel) concerning some material fact, which representation is contrary to the condition of affairs later asserted by the party to be estopped. This factor is not present in this case; plaintiff's desire to cancel the policy is not a material fact. Plaintiff admits

that she wished to cancel the policy. Her letter was not, however, legally sufficient to cancel the policy. Defendant cannot prevail on its claim of equitable estoppel.

Defendant also has failed to indicate how it detrimentally changed its position on the basis of the prior representation. Proof of detrimental reliance is an essential element in establishing equitable estoppel. *Porter v Goudzwaard,* 162 Mich 158, 161-162; 127 NW 295 (1910). Finally, we note that defendant waived this claim by failing to raise it in the trial court.

Affirmed.