GIANOTTA v HOLDERID

Docket No. 76015. Submitted December 4, 1984, at Lansing.—Decided March 11, 1985.

Patrick Gianotta, individually and under an assumed business name, Troy Industrial Catering Service, Inc., and Pat's Catering Service of Warren, Inc., brought an action in the Oakland Circuit Court against B. Holderid and other named and unnamed employees of the State of Michigan alleging damages as a result of tortious conduct in the intentional acts of the defendants in issuing and executing jeopardy tax assessments against plaintiffs resulting in a deprivation of state and federal constitutional rights. A similar claim was filed against the state in the Court of Claims but was transferred to the Oakland Circuit Court and joined with the previously described lawsuit. The court, Gene Schnelz, J., granted summary judgment for defendants on plaintiffs' claims, based on governmental immunity, and an accelerated judgment for plaintiffs against the individual defendants on a claim by them for breach of a settlement agreement between plaintiffs and the state. Plaintiffs appealed and the individual defendants cross-appealed. *Held:*

1. A plaintiff, in order to maintain an action against state employees based on tortious conduct in the intentional exercise of jeopardy tax assessment remedies, must establish that the acts complained of were unlawful. This the plaintiffs did not do.

2. The individual defendants lack standing to raise a claim of breach of contract between plaintiffs and the state.

Affirmed.

1. TAXATION — JEOPARDY TAX ASSESSMENTS — CONSTITUTIONAL LAW.

Jeopardy tax assessments are constitutional under the Michigan Constitution (MCL 205.64; MSA 7.535).

REFERENCES FOR POINTS IN HEADNOTES

[1] 71 Am Jur 2d, State and Local Taxation § 92 *et seq.*

[2] 74 Am Jur 2d, Taxpayers' Actions § 13 *et seq.*

Modern status of rule excusing governmental unit from tort liability on theory that only general, not particular, duty was owed under circumstances. 38 ALR4th 1194.

2. Torts — Jeopardy Tax Assessments — Actions — Intentional
      Torts.

  A plaintiff, in order to maintain an action against state employ-
  ees based on tortious conduct in the intentional exercise of
  jeopardy tax assessment remedies, must establish that the acts
  complained of were unlawful.

*Weinstein, Kroll & Gordon, P.C.* (by *Joel Lee Hoffman),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George H. Weller,* Assistant Attorney General, for defendants.

Before: J. H. Gillis, P.J., and M. J. Kelly and K. N. Sanborn,* JJ.

Per Curiam. Plaintiffs appeal as of right from an order of the circuit court dismissing the complaint for failure to state a cause of action. The circuit court also dismissed, on the same grounds, an essentially identical action which had been brought in the Court of Claims, but joined with the circuit court action pursuant to an order dated September 24, 1982.

The individual defendants in this case are named and unnamed employees of the State of Michigan, which has defended this cause in their behalf. Plaintiffs complaint is predicated upon the alleged tortious conduct of the defendants in exercising the jeopardy tax assessment provision of MCL 205.64; MSA 7.535. Count I of the complaint alleges that the actions of the defendants violated certain constitutional rights guaranteed to the plaintiffs by 42 USC 1983. Count II asserts a common-law conspiracy to deprive plaintiffs of the constitutional rights referred to in Count I, and the third count claims a deprivation of state con-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

stitutional rights similar to the federal constitutional rights relied upon in Count I.

The lower court granted the defendants' motions for summary judgment under GCR 1963, 117.2(1), concluding that the doctrine of governmental immunity acted as a bar to plaintiffs' claim for relief. We affirm the order granting defendants' motions, but for a different reason. The basis of plaintiffs' lawsuit is essentially that the defendants acted intentionally and with full knowledge of all the circumstances in pursuing the jeopardy tax assessments and exercising the jeopardy warrants. In order for this allegation to provide any basis for a cause of action, the jeopardy assessment itself must have been unlawful. However, jeopardy tax assessments have been found to be constitutional by both the United States and Michigan Supreme Courts. *Comm'r of Internal Revenue v Shapiro,* 424 US 614, 633; 96 S Ct 1062; 47 L Ed 2d 278 (1976); *Craig v Detroit Police Dep't,* 397 Mich 185, 193; 243 NW2d 236 (1976). Further, the specific jeopardy assessments involved in this case have been upheld in several opinions of the State Board of Tax Appeals, from which plaintiffs have not appealed. Plaintiffs also have not appealed a decision of the Macomb County Circuit Court which dismissed plaintiff Pat's Catering Service's complaint to enjoin the jeopardy assessments on the grounds that a sufficient factual basis existed for the assessments. Finally, the Oakland County Circuit Court found a factual basis for the assessment against plaintiff Troy Industrial Catering. Although this Court remanded that case for a determination as to whether "an act tending to jeopardize collection has been or is about to be committed", *Troy Industrial Catering Service, Inc v Dep't of Treasury,* 105 Mich App 86, 93; 307 NW2d 345 (1981), citing *Craig v Detroit Police Dep't, supra,*

the case was dismissed pursuant to the terms of a compromise and settlement agreement entered into between the plaintiffs and the State of Michigan.

In short, we believe that, in order for plaintiffs to successfully establish tortious conduct through the intentional acts of the defendants, it was incumbent upon plaintiffs to establish that the acts in question were unlawful. This they have failed to do. Just as the plaintiff in a malicious prosecution action must establish that the prior proceedings have terminated in his favor in order to succeed, the plaintiffs in this case must have established the illegality of the jeopardy tax assessments before this constitutional tort action could have any possibility of success. Such is not the case, and therefore we must conclude that summary judgment pursuant to GCR 1963, 117.2(1), for failure to state a claim, was properly granted.

We decline to address the cross-appeal of the individual defendants concerning the effect of the compromise and settlement agreement. Since none of the individual defendants were parties to that agreement, it having been entered into between the plaintiffs and the State of Michigan, we find that they lack standing to raise a claim regarding the breach of that agreement. We therefore affirm the trial court's order granting accelerated judgment in favor of the plaintiffs.

Affirmed.