DEPARTMENT OF TREASURY v CAMPBELL

Docket No. 71439. Submitted October 2, 1985, at Detroit. Decided June 9, 1986.

In 1975, while Chester W. Campbell was incarcerated on an unrelated charge, Detroit police officers seized approximately $280,000 in cash from Campbell's home pursuant to a warrant which authorized them to search for weapons, drugs and other paraphernalia. The Internal Revenue Service and the Michigan Department of Treasury immediately issued jeopardy sales tax assessments based on drug records seized. Shortly thereafter a Recorder's Court judge held that the seizure was illegal as it was not within the scope of the warrant. The court ordered the return of the money, however, the Detroit police had already distributed the money to the IRS ($137,823) and the Department of Treasury ($127,775) in partial satisfaction of the jeopardy assessments. Campbell first filed a request with the Department of Treasury for an informal hearing concerning the validity of the assessment. The hearing was eventually held and the board upheld the validity of the assessment. Then Campbell filed suit in federal court and after lengthy proceedings the IRS was ordered to return the money to Campbell. *Campbell v United States,* 592 F2d 309 (CA 6, 1979). Prior to the scheduled delivery date the Treasury Department filed an action in the Wayne Circuit Court against Campbell and his attorney, Patmon, Young & Kirk, P.C., which received funds pursuant to an attorney's lien, seeking a temporary restraining order enjoining them from disposing of the funds returned to them by the IRS.

REFERENCES

Am Jur 2d, Civil Service § 17.
Am Jur 2d, Municipal, School, and State Tort Liability §§ 45 *et seq.*
Am Jur 2d, Public Officers and Employees § 14.
Am Jur 2d, States, Territories, and Dependencies §§ 99 *et seq.*
Am Jur 2d, Witnesses § 143.
Governmental tort liability for injuries caused by negligently released individual. 6 ALR4th 1155.
Liability of public officer or body from harm done by prisoner permitted to escape. 44 ALR3d 899.
State's immunity from tort liability as dependent on governmental or proprietary nature of function. 40 ALR2d 927.

The Treasury Department sought to assert its claims to the funds being returned by the IRS to satisfy the balance of the original tax assessment. Campbell and PYK counterclaimed, asserting a deprivation of civil rights under 42 USC 1983. The court granted a partial summary judgment for PYK and the Court of Appeals reversed and remanded, 107 Mich App 561 (1981). On remand, the court, Thomas J. Foley, J., granted plaintiff accelerated judgment on defendants' civil rights claims, holding that the federal court has exclusive jurisdiction. The court also granted judgment for plaintiff on its claim and denied various ancillary motions of defendants. Defendants appealed.

The Court of Appeals *held:*

1. State courts have concurrent jurisdiction over claims under 42 USC 1983. The court erred in its ruling in this regard.

2. Defendants' other issues are without merit.

Affirmed in part and reversed in part.

CIVIL RIGHTS — JURISDICTION — STATE COURTS.

State courts have concurrent jurisdiction over claims under 42 USC 1983.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *E. David Brockman,* Assistant Attorney General, for plaintiff.

*Patmon & Young, P.C.* (by *Hallison H. Young*), for defendants.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and K. B. GLASER,* JJ.

PER CURIAM. This action stems from a 1975 incident and is but another appeal in a long line of legal proceedings.[1] In 1975, while Chester Campbell was incarcerated on an unrelated charge,

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The other proceedings involving this action are *Dep't of Treasury v Campbell,* 77 Mich App 435; 258 NW2d 508 (1977), *Dep't of Treasury v Campbell,* 107 Mich App 561; 309 NW2d 668 (1981), lv den 413 Mich 935 (1982), *Campbell v United States,* 592 F2d 309 (CA 6, 1976), and *Campbell v Shearer,* 732 F2d 531 (CA 6, 1984). There are also two unpublished decisions per curiam of the Court of Appeals: *Campbell v Dep't of Treasury,* decided December 7, 1979 [Docket No. 27106], and

Detroit police officers seized approximately
$280,000 in cash from Campbell's home pursuant
to a warrant which authorized them to search for
weapons, drugs and other drug paraphernalia. The
Internal Revenue Service and the Michigan De-
partment of Treasury immediately issued jeopardy
sales tax assessments based on drug records seized.
Shortly thereafter a Recorder's Court judge held
that the seizure was illegal as it was not within
the scope of the warrant. The court ordered the
return of the money, however the Detroit police
had already distributed the money to the IRS
($137,823) and the Department of Treasury
($127,775) in partial satisfaction of the jeopardy
assessments. Campbell then took steps to retrieve
the money.

Campbell first filed a request with the Depart-
ment of Treasury for an informal hearing concern-
ing the validity of the assessment. The hearing
was eventually[2] held and the board upheld the
validity of the assessment. Then Campbell filed
suit in federal court and after lengthy proceedings
the IRS was ordered to return the money to Camp-
bell. *Campbell v United States,* 592 F2d 309 (CA 6,
1979). Prior to the scheduled delivery date the
Treasury Department filed an action against
Campbell and his attorney, Patmon, Young &
Kirk, P.C. (PYK), seeking a temporary restraining
order enjoining them from disposing of the funds
returned to them by the IRS. The Treasury Depart-
ment sought to assert its claims to the funds being
returned by the IRS to satisfy the balance of the
original tax assessment. Our Court said that the

---

*Campbell v Dep't of Treasury (On Remand),* decided July 3, 1980
[Docket No. 27106].

[2] Campbell had a difficult time obtaining the informal hearing. See
*Campbell v Dep't of Treasury,* 77 Mich App 435; 258 NW2d 508
(1977), and the unpublished opinions per curiam, *supra.* However this
problem is not relevant to this appeal.

state's tax lien takes priority over the attorney's lien and remanded for trial on the merits of plaintiff's claims. *Dep't of Treasury v Campbell,* 107 Mich App 561, 309 NW2d 668 (1981), lv den 413 Mich 935 (1982). Defendants presently appeal from the result of that remand.

Pyk is a party to this action because it sought and received funds pursuant to its attorney's lien. The Treasury Department alleges that it had priority over the funds due to its tax lien.

The parties discuss numerous issues, one of which is dispositive.

The trial court had granted plaintiff's motion for accelerated judgment on the grounds that exclusive jurisdiction belonged to the Court of Claims for the violation of defendant's civil rights. 42 USC 1983. We find this decision to be in error. State courts have concurrent jurisdiction over § 1983 claims.

> State courts have concurrent jurisdiction over § 1983 claims. *Martinez v California,* 444 US 277; 100 S Ct 553; 62 L Ed 2d 481 (1980). In *Maine v Thiboutot,* 448 US 1, 3, fn 1; 100 S Ct 2502; 65 L Ed 2d 555 (1980), the Court observed that whether Congress has *obligated* the States to entertain § 1983 actions remained an unanswered question. This Court has recognized the concurrent jurisdiction of courts of this state over § 1983 claims. *Ledsinger v Burmeister,* 114 Mich App 12, 25; 318 NW2d 558 (1982), *Dickerson v Warden, Marquette Prison,* 99 Mich App 630, 634; 298 NW2d 841 (1980). [*Karchefske v Dep't of Mental Health,* 143 Mich App 1, 10, n 13; 371 NW2d 876 (1985). See also *Gordon v Sadasivan,* 144 Mich App 113, 119; 373 NW2d 258 (1985).]

Accordingly, we reverse the grant of accelerated judgment on this issue.

As the other issues raised may again surface during the trial, we will briefly discuss them.

Defendants argue that the trial court erred in granting plaintiff's motions for summary judgment pursuant to GCR 1963, 117.2.[3] We find no error. Defendants' legal position is untenable as a matter of law so that no factual development can possibly justify a right of recovery. *Fillare v Union Oil Co of California,* 143 Mich App 520, 523; 372 NW2d 606 (1985). At the time plaintiff sought judgment, it was not seeking equitable relief; rather it was seeking money damages against defendants, specifically PYK, for having negotiated the IRS check, the subject of a valid superior tax lien. Thus defendants' equitable defenses were no longer valid. Nor is collateral estoppel a valid defense as this specific issue (of PYK's liability) has not been previously litigated. The defense of equitable estoppel does not aid defendants as defendants do not allege that they relied upon the misrepresentation of a material fact. *Frank v Equitable Life Assurance Society of the United States,* 136 Mich App 616; 358 NW2d 21 (1984).

Defendants also argue that it was error to grant plaintiff's motion for summary judgment on their counterclaim. Defendants asserted that the General Sales Tax Act, MCL 205.51 *et seq.;* MSA 7.521 *et seq.,* is unconstitutional on its face and as applied. We find no error. Jeopardy tax assessments are valid, *Gianotta v Holderid,* 143 Mich App 249; 372 NW2d 326 (1985).

Plaintiff's second amended complaint sought a declaratory judgment that its state tax lien was superior to the attorney's lien asserted by PYK and money damages from defendants for negotiating the check which was the subject of the state tax

[3] Now MCR 2.116(C).

lien. Defendants moved for summary judgment on the grounds that the pleadings no longer presented any actual controversy and the issue was moot, GCR 1963, 116.1(2), now MCR 2.116(C)(4). The trial court denied the motion since there was still an issue as to the validity of the jeopardy assessment and an issue as to where those funds are. We find no error in the trial court's decision. We believe that the issue is not moot and that there is an issue. *Smolen v Dahlmann Apts, Ltd*, 127 Mich App 108; 338 NW2d 892 (1983).

Pyk's motion for summary judgment based on plaintiff's failure to state a claim, GCR 1963, 117.2(1), now MCR 2.116(C), was denied. We do not find error in this decision of the trial court. We cannot say that the claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Cramer v Metropolitan Savings Ass'n (Amended Opinion)*, 136 Mich App 387; 357 NW2d 51 (1984).

Defendants moved for summary judgment pursuant to GCR 1963, 117.2(2) and (3), now MCR 2.116(C)(9) and (10), claiming that the money was illegally seized, the money was the basis for the assessment, and the assessment was rescinded by letter dated April 1, 1975, from the Department of Treasury. We find that the motion was properly denied. The jeopardy assessments were not based on the seizure of the money but on records properly seized by police. The validity of the assessment was upheld in a final unappealed decision of the State Board of Tax Appeals and these assessment statutes have been held constitutional. *Gianotta v Holderid, supra*.

Defendants also argue that there was error in the court's refusal to sever the claims and have separate trials as there were no questions of fact for the jury and the remaining legal issues were

narrowed to enforcing the lien and tracing the funds.

The decision as to separate trials rests within the sound discretion of the trial court and should be ordered only upon a most persuasive showing. *Detloff v The Taubman Co, Inc,* 112 Mich App 308; 315 NW2d 582 (1982). We find no abuse of discretion in the trial court's refusal.

Defendants argue that the trial court never ruled on several of their motions and that this would require reversal. Defendants' conclusion that the trial court simply ignored the motion is not well-taken. Defendants had filed a motion to strike the appearance of Mr. Brockman as attorney for the state on the ground that defendants intended to call him as a witness. And defendants filed a motion seeking the return and the suppression of the money given to the state on the grounds that the jeopardy assessments were based upon illegally seized evidence. The trial court entered an order on June 25, 1983, denying hearing on the motions.

We note that all claims were disposed of by summary or accelerated judgment and, thus, there were no issues to be tried and no reason to disqualify the attorney. Any error is harmless as defendants' arguments for relief from orders and judgments have been considered in this appeal.

Accordingly, the trial court's decision as to plaintiff's claim is affirmed. The grant of summary judgment as to defendants' § 1983 claim is reversed. We remand for proceedings consistent with this opinion. We do not retain jurisdiction.

Affirmed in part, and reversed in part.